**Date Signed:**
**February 3, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No.: 25-00730 |
| | Chapter 13 |
| PIERCE JAMES HARPER, | |
| Debtor. | Related: ECF 20 |

## ORDER DENYING DEBTOR'S REQUEST FOR ADDITIONAL REMEDIES UNDER RULE 3002.1

### I. Background

Debtor Pierce James Harper filed a chapter 13 petition on August 21, 2025. Sailfish Servicing, LLC ("Creditor"), the holder of Claim No. 13, filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("Notice") on December 3, 2025, asserting fees and charges totaling $1,225.00. In response, Mr. Harper filed a Motion to Determine Mortgage Fees and

1

Expenses ("Motion to Determine"), arguing that the Creditor failed to provide the Annual Escrow Disclosure Statement (AESD) and violated Fed. R. Bankr. P. 3002.1.[1] The Motion to Determine was set for hearing on January 20, 2026.

Prior to the hearing, the Creditor withdrew its Notice. Although the withdrawal states that the Notice was withdrawn "without prejudice," it also states that the Creditor had filed the Notice in error and that "[a]ny fees, costs, or other charges incurred by Creditor in connection with the Fee Notice or this withdrawal have not been added to the mortgage loan account that is the subject of the [Notice]."[2] The Creditor also filed a response to the Motion to Determine, in which it confusingly asserted that "these fees were not added in error, but were reclassified as non-recoverable . . . in a good faith effort to mitigate the costs involved with litigating the debtor's motion."[3] The Creditor argued that the Court should deny the motion "as these costs to the debtor have been removed."[4] Mr.

---

[1] ECF 20.
[2] ECF 23 at 1.
[3] ECF 25 at 2.
[4] *Id.*

2

Harper filed a Reply Memorandum in Support of the Motion to Determine ("Reply"), arguing that the Creditor failed to provide a "substantial justification" for its conduct surrounding the mortgage fees.[5]

At the hearing, I determined that the Creditor's withdrawal of the Notice and its demand for the underlying fees mooted Mr. Harper's request for a determination of the legality of those fees under Rule 3002.1(e). Mr. Harper nevertheless requested attorney's fees and other remedies under Rules 3002.1(e) and (h), asserting that the Creditor provided inconsistent explanations for the withdrawn fees and violated various federal consumer protection statutes.

After the hearing, Mr. Harper filed a Declaration by Victoria Harper, his mother and co-owner of the property, stating that she was in charge of monitoring mail received at the property and she did not receive the AESD or any notice of an escrow shortage.[6]

---

[5] ECF 27.
[6] ECF 30.

3

II. Discussion

### a. The Creditor's Conduct Does Not Establish a Rule 3002.1 Violation

Mr. Harper points out that the Creditor first stated that the Notice was filed "in error" but later stated that the fees were "not added in error" but reclassified to mitigate costs.[7] Mr. Harper contends that this inconsistency demonstrates a lack of good faith and an inability to show "substantial justification" under Rule 3002.1(h).

The Creditor's inability to keep its story straight is troubling. But Rule 3002.1(h) applies only when "the claim holder fails to provide any information as required by this rule." Providing information, and then withdrawing that information, is not a "failure to provide" any required information. Rule 3002.1 does not prohibit withdrawal of a required notice and does not require a creditor to justify its decision to withdraw a notice. There was no failure to provide required information, and therefore the substantial justification standard was not implicated.

Further, it is reasonably clear that the Creditor does not intend to

---

[7] ECF 23, 25.

reimpose the withdrawn charges and, if it did so, the Court would provide an appropriate remedy.

### b. Federal Consumer Protection Allegations

In his Reply, Mr. Harper argues that the withdrawn fees violate several federal consumer protection statutes, including RESPA, Regulation X, TILA, Regulation Z, and the FDCPA.[8] But claims to recover money must be brought, if at all, through an adversary proceeding under Rule 7001, not through a Rule 3002.1 motion. Because Mr. Harper has not commenced an adversary proceeding, these allegations are not properly before the Court.

### c. Mr. Harper's Other Arguments Alleging Violations of the Bankruptcy Code and Rules

Mr. Harper further asserts that the Creditor interfered with his cure-and-maintain rights under 11 U.S.C. § 1322(b)(5), engaged in an abuse of process under § 105(a), and violated § 524(a) by misapplying payments. A debtor could potentially seek relief for such violations by way of a motion rather than an adversary proceeding, but the record does not support these allegations. The Creditor's filing and subsequent withdrawal of the Notice

---

[8] ECF 27 at 3.

U.S. Bankruptcy Court - Hawaii   #25-00730   Dkt # 31   Filed 02/03/26   Page 5 of 6

did not alter the plan classification, create a default under the plan, or violate the automatic stay or a discharge injunction, and Mr. Harper offers no evidence that he suffered any economic harm as a result.

III. Conclusion

The Creditor's withdrawal of the Notice renders Mr. Harper's Motion under Rule 3002.1(e) moot. Mr. Harper has not demonstrated that the Creditor failed to provide any information required by Rule 3002.1 that would justify sanctions or attorney's fees under Rule 3002.1(h). His remaining arguments, whether based on federal consumer protection statutes or on the content of the monthly mortgage statements, are not properly raised or are unsupported by the record. Because Mr. Harper has not shown a sufficient basis for the relief requested, his request to disallow the withdrawn fees with prejudice, to award attorney's fees, and to impose additional remedies is DENIED.

**END OF ORDER**